UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 3378 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On June 6, 2010, plaintiff Raymond Hayes ("Hayes") filed a one-count complaint against defendant City of Chicago ("City"), alleging discrimination under Title VII of the Civil Rights Act of 1964. In response, the City has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Hayes' claim is barred by *res judicata*. (Dkt. No. 8.) For the reasons set forth below, the City's motion is granted.

BACKGROUND

In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir. 2001). This court relies on certain public records in analyzing the procedural history of this case, especially Judge Hart's October 19, 1995 Memorandum Opinion and Order ("10/19/95 Opinion") in *Hayes v. City of Chicago Police Dep't,* Case No. 95 C 1459 (N.D. Ill.), which dismissed Hayes' claims.

Hayes was employed by the City as a police officer from October 18, 1976 until he was discharged on March 9, 1993. (Dkt. No. 1 ("Compl.") ¶ 4.) This case arises out of Hayes' 1993 discharge for his violation of Chicago Police Department rules when he, "without justification or good cause, [displayed] his weapon, verbally abuse[d], and

repeatedly [struck] one Ikemefuna Okoye." (10/19/95 Opinion 3 (quoting *In the matter of Charges Filed Against Police Officer Raymond Hayes, Star No. 16736*, Case No. 92-1923, Police Bd. of the City of Chicago, Mar. 5, 1995).)

In March 1993, after a full hearing, the City of Chicago Police Board ("Police Board") discharged Hayes. *Id.* Hayes then petitioned the Circuit Court of Cook County for administrative review of his discharge, and that court affirmed his discharge. *Id.* Hayes appealed the circuit court's decision to the Appellate Court of Illinois, which also affirmed his discharge. *Id.* On March 7, 1995, Hayes filed a federal lawsuit regarding his discharge, alleging race and age discrimination claims against the City. *Hayes v. City of Chicago Police Dep't.,* Case No. 95 C 1459 (N.D. Ill.). The district court dismissed Hayes' claims on the basis of claim preclusion. (10/19/95 Opinion 5.) The district court found that Hayes could have, but did not, raise any civil rights arguments at the time he appealed the Police Board's termination of his employment to the circuit court. (*Id.* at 4.)

Following his discharge in 1993, Hayes also filed timely charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and with the Illinois Department of Human Rights ("IDHR"). (Compl. ¶ 5.) Over ten years later, the Illinois Human Rights Commission held a hearing on Hayes' charge of discrimination in September and October of 2005. (*Id.* ¶ 6.) Four years after these hearings, on December 7, 2009, the Commission approved a recommended order that resolved all issues relating to the City's liability and the damages to which Hayes was entitled. (*Id.*) Hayes did not seek further review by any Illinois court of the Commission's recommended order. (*Id.*) In March 2010, Hayes secured a "[N]otice of Right to Sue" from the EEOC on the charge of discrimination. (*Id.* ¶ 7.) Hayes

thereafter filed this suit under Title VII of the Civil Rights Act of 1964 against the City and the Chicago Police Department alleging that he was discharged because of his race. (*Id.* ¶ 8.)

The City has filed the pending motion to dismiss (Dkt. No. 8), arguing that Hayes' Title VII claim could have and should have been brought nearly two decades ago, and that Hayes' claim must be dismissed under the doctrine of *res judicata*. Hayes argues that his Title VII claim does not stem from the same core of operative facts as the state administrative review action and is therefore not barred by *res judicata*.

LEGAL STANDARD

The City notes in its Memorandum in Support (Dkt. No. 9) that, "[a] judgment of a state court sitting in an administrative review capacity will have preclusive effect on claims and issues brought in subsequent lawsuits according to the law of the state where the judgment was rendered." (Dkt. No. 9 ("City's Mem.") at 8 (citing *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481-82 (1982)).)

*Res judicata,* of course, is an affirmative defense, and is therefore properly addressed in a motion for judgment on the pleadings under Rule 12(c). *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). As in *Carr*, the plaintiff in this case "does not complain about [the City's] error" in bringing its motion under Rule 12(b)(6). The error is "of no consequence," *id.,* because courts assess the merits of a Rule 12(c) motion using the same standards as those controlling a motion under Rule 12(b)(6). *River Vill. West LLC v. Peoples Gas Light & Coke Co.,* 618 F. Supp. 2d 847, 850 (N.D. Ill. 2008). Accordingly, this court accepts all well-pleaded facts set forth in Hayes' complaint as

3

true, and draws all reasonable inferences in Hayes' favor. *Hale v. Victor Chu,* 614 F.3d 741, 744 (7th Cir. 2010).

"Under the doctrine of *res judicata,* 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Cole v. Bd. of Trs.,* 497 F.3d 770, 772 (7th Cir. 2007) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). For *res judicata* to apply, the previous court's decision must: (1) have been a final judgment on the merits; (2) involve the same parties or their privies as the current claims; and (3) constitute the same cause of action as the current claims. *Id.*; *see also Garcia v. Vill. of Mount. Prospect,* 360 F.3d 630, 635 (7th Cir. 2004). Requirements one and two are both clearly satisfied in this case. The Circuit Court of Cook County's order affirming Hayes' discharge was a final judgment on the merits and both the City and Hayes were parties to that case. The only question at issue in relation to the pending motion is whether the claims before this court constitute the same cause of action as the case prosecuted by Hayes in the Circuit Court of Cook County for wrongful discharge.

Illinois courts apply the "transactional approach" to determine whether causes of action are the same for *res judicata* purposes. *Garcia,* 360 F.3d at 635. Under the transactional approach, applied in Illinois, "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id.* (quoting *Rodgers v. St. Mary's Hosp. of Decatur,* 597 N.E.2d 616, 621 (Ill. 1992)). The transactional approach "views claims in factual terms, focusing only on the bounds of the transaction at issue, disregarding the number of

substantive theories, the variant forms of relief flowing from those theories, and the variations in evidence needed to support the theories." *Id.*

Two claims have the same core of operative facts if they are based on the same, or nearly the same, factual allegations, which could include "the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Cole,* 497 F.3d at 772-73; *see also Brzostowski v. Laidlaw Waste Sys. Inc.,* 49 F.3d 337, 339 (7th Cir. 1995) (applying *res judicata* where "the legal elements of each claim may be different, [but] the central factual issues are identical.")

ANALYSIS

As discussed above, the first and second requirements of *res judicata* are clearly met in this case. Furthermore, this court finds that under the facts of this case the third requirement of *res judicata* is also satisfied, because Hayes' allegations in the complaint pending in this case (Dkt. No. 1) arise from the same group of operative facts as those before the Circuit Court of Cook County in 1993. An analysis of Hayes' charges of discrimination filed with the Illinois Department of Human Rights and the EEOC, and set forth in the complaint in this case, reveals that his pending Title VII claim and his past claims for wrongful discharge arise from the same core of operative facts – the events surrounding Hayes' discharge in 1993. Hayes argues that his state administrative review action "focused on whether the decision of the Chicago Police Board [denying Hayes' challenge to his dismissal] was against the manifest weight of the evidence," whereas his Title VII claim for race discrimination "focuses on the decision by the [City's] Police Superintendent to seek the discharge of an African-American police officer for conduct that would have warranted a suspension if committed by a white officer." (Dkt. No. 12

5

("Hayes' Resp.") at 3-4.) Both cases, however, require a fact-finder to assess the reasons for Hayes' discharge and to determine whether the City "complied with its legal obligations . . . when it discharged [Hayes]." *Brzostowski,* 49 F.3d at 339. Because the two cases share these same "central factual issues," *id.*, the court finds that there is an identity of cause of action between these two lawsuits, such that *res judicata* applies to bar Hayes' pending claim for race discrimination.

Hayes cites *Tennessee v. Elliott,* 478 U.S. 788 (1986) for the proposition that his Title VII claim is not precluded, because the Illinois Human Rights Commission's December 7, 2009 recommendation has not previously been reviewed by a state court. (*See* Compl. ¶ 6.) However, Hayes' reliance on *Elliott* is misplaced. In *Elliott* the Supreme Court held that unreviewed state administrative proceedings did not have a preclusive effect on an employee's Title VII discrimination claims. *Elliott*, 478 U.S. at 796. In this case, it is the City of Chicago Police Board's decision to discharge Hayes – as reviewed by the Illinois Courts – that has a preclusive effect on Hayes' Title VII claim.

Hayes has not argued that he could not have brought his discrimination claim along with his wrongful discharge claim. For the sake of completeness, this court notes that Hayes had a full and fair opportunity to litigate his Title VII claim in his earlier lawsuit. *See Pirela v. Vill. of N. Aurora*, 935 F.2d 909, 914-915 (7th Cir. 1991) (recognizing that Illinois allows a plaintiff to join Title VII claims during an administrative hearing).

## CONCLUSION

For the reasons set forth above, the City of Chicago's motion to dismiss plaintiff Raymond Hayes' complaint (Dkt. No. 8), which the Court has considered as a motion under Federal Rule of Civil Procedure 12(c), is granted on the grounds of *res judicata*. Judgment is entered in favor of the defendant City of Chicago and against plaintiff Raymond Hayes. This case is dismissed in its entirety.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: November 3, 2010